**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
Amy R. Rotman (SBN 286128)
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009
Facsimile: (858) 259-6008
Email: eservice@wirtzlaw.com

Attorneys for Plaintiffs,
DELBERT A. VANDERPAN and CYNTHIA M. VANDERPAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELBERT A. VANDERPAN and CYNTHIA M. VANDERPAN,**<br><br>       Plaintiffs,<br><br>vs.<br><br>**TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC.**<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF SONG-BEVERLY ACT – SECTION 1793.2**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DELBERT A. VANDERPAN and CYNTHIA M. VANDERPAN ("Plaintiffs") allege as follows against Defendant TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS INC. ("TESLA"), on information and belief, formed after an inquiry reasonable under the circumstances:

**DEMAND FOR JURY TRIAL**

1. Plaintiffs hereby demands trial by jury in this action.

**JURISDICTION**

2. The basis for federal court jurisdiction is diversity of citizenship per 28 U.S.C.A. § 1332.

3. Plaintiff DELBERT A. VANDERPAN is an individual residing in the City of Loomis, County of Placer, and State of California.

4. Plaintiff CYNTHIA M. VANDERPAN is an individual residing in the City of Loomis, County of Placer, and State of California.

5. Defendant TESLA is a Delaware Corporation with its principal place of business in the City of Austin, County of Austin, and the State of Texas. TESLA is and at all relevant times was conducting business throughout the State of California directly or via its authorized sales agents and authorized repair facilities.

6. The amount in controversy is more than $75,000.00, not inclusive of interest and costs of court.

**GENERAL ALLEGATIONS**

7. These causes of action arise out of TESLA's warranty and statutory obligations in connection with a vehicle warranted by TESLA. None of Plaintiffs' claims are dependent upon, founded in, or inextricably intertwined with any term in the Retail Installment Sales Contract or the Motor Vehicle Purchase Agreement.

8. All acts of corporate employees as alleged were authorized or ratified by an officer,

director, or managing agent of the corporate employer.

9. Defendant TESLA was the principal, agent (actual or ostensible), or employee of TESLA, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which TESLA is liable to Plaintiffs for the relief prayed for herein.

10. On June 30, 2018, Plaintiffs purchased a new 2018 Tesla Model S, VIN: 5YJSA1E29JF246456 ("Vehicle") from TESLA. At delivery, the Vehicle had 5,932 miles on its odometer. The cash price was $100,900.00. Including the finance charges over the maturity of the loan and Plaintiffs' down payment in the amount of $18,336.25, the total sale price for the Vehicle is $113,380.57.

11. Defendant TESLA expressly warranted that the Vehicle would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the Vehicle had defects, Defendant TESLA would repair the defects.

12. Defendant TESLA impliedly warranted that the Vehicle would be of the same quality as similar vehicles sold in the trade and that the Vehicle would be fit for the ordinary purposes for which similar vehicles are used.

13. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities under the warranty/ies and developed other serious defects and nonconformities under the warranty, including but not limited to defects with the interior, motor, charging system, electrical system, touchscreen, door handles, and batteries.

14. Plaintiffs hereby revoke acceptance of the Vehicle.

15. Pursuant to the Song-Beverly Consumer Warranty Act ("Act"), Civil Code sections 1790 *et seq.*, the Vehicle is subject to the Act and was used for covered purposes under the Act.

16. Plaintiffs are each a "buyer" under the Act.

17. Defendant TESLA is a "manufacturer", "distributor", and "retail seller" under the Act.

**PLAINTIFFS' EXPERIENCES**

18. On March 28, 2019, Plaintiffs presented the Vehicle to Defendant TESLA's repair facility in Rocklin, California. Plaintiffs reported that the floor mats kept folding over and would not remain anchored. The technicians verified this concern and installed a new floor mat set. The Vehicle was in the TESLA repair facility for one day and had 16,194 miles on the odometer when presented for this repair attempt.

19. On April 4, 2019, Plaintiffs presented the Vehicle to Defendant TESLA's repair facility in Rocklin, California. Plaintiffs reported that the "Front Motor Disabled/ Power Reduced [service]" warning alert was illuminated. The technicians verified this concern and found a fault internal to front drive unit. The technicians removed and replaced the front drive unit, torqued the suspension, and performed a 4-wheel alignment. The Vehicle was in the TESLA repair facility for seven days and had 16,553 miles on the odometer when presented for this repair attempt.

20. On April 18, 2019, Plaintiffs presented the Vehicle to Defendant TESLA's repair facility in Rocklin, California. Plaintiffs reported that the Wi-Fi connection was poor and requested to download new firmware. The technicians verified this concern and sent new firmware to the Vehicle. The Vehicle was in the TESLA repair facility for one day and had 17,250 miles on the odometer when presented for this repair attempt.

21. On January 10, 2020, Plaintiffs went to Defendant TESLA's repair facility in Rocklin, California. Plaintiffs did not bring the Vehicle to the repair facility. Plaintiffs purchased a bent wheel replacement, and no labor work was performed by TESLA's technicians. The Vehicle had 30,784 miles on the odometer at the time.

22. On November 24, 2020, Plaintiffs presented the Vehicle to Defendant TESLA's authorized facility in Rocklin, California. At first, Plaintiffs took the Vehicle in to TESLA so it could be supercharged on-site, and once it was charging, Plaintiffs left. When Plaintiffs returned, the Vehicle's doors would not open when Plaintiffs used their key fob. Plaintiffs contacted the technicians inside the facility, and Plaintiffs reported that the Vehicle was on the supercharger, but none of the doors would open and the Vehicle would not wake up. The technicians duplicated this concern but attempted no repair. The Vehicle was in the TESLA repair facility for one day and had 40,725 miles on the odometer when presented for this repair attempt.

23. On December 11, 2020, Plaintiffs had the Vehicle towed to Defendant TESLA's repair facility in Rocklin, California. The repair order provided to Plaintiffs after this visit does not accurately depict the date on which the Vehicle arrived at the repair facility. Plaintiffs reported that the touchscreen was not functioning and the Vehicle would not start. The technicians verified this concern and found that the Vehicle had "BMS alerts relating to the HV battery." The technicians removed and replaced the HV battery pack, performed a firmware update, and four coolant purges. The Vehicle was in the TESLA repair facility for twelve days and had 40,953 miles on the odometer when presented for this repair attempt.

24. On January 26, 2021, Plaintiffs contacted Defendant TESLA's repair facility in Rocklin, California. Plaintiffs reported that the driver's front door handle would not present. The technicians verified this concern, and performed an external handle assembly replacement and calibrated through TB2 at Plaintiffs' residence on February 2, 2021. This mobile repair presentation took eight days, and the Vehicle had 41,960 miles on the odometer.

25. On May 24, 2021, Plaintiffs had the Vehicle towed to Defendant TESLA's repair facility in Rocklin, California. The repair order provided to Plaintiffs after this visit does not accurately depict the date on which the Vehicle arrived at the repair facility. Plaintiffs reported that after charging the Vehicle, the Vehicle had several alerts and would not drive. The technicians verified this concern and found several battery management system alerts. The technicians performed an auto-diagnosis of the HV battery, verified an internal issue in the battery, and replaced the HV battery. The Vehicle was in the TESLA repair facility for ten days and had 48,792 miles on the odometer when presented for this repair attempt.

26. On June 21, 2021, Plaintiffs presented the Vehicle to Defendant TESLA's repair facility in Rocklin, California. Plaintiffs reported that after the HV battery was replaced at the last visit, the Vehicle's front end would vibrate upon acceleration. The technicians found that the front license plate bracket screws were missing, which "has been known to cause front end vibration at high speeds." The technicians installed the license plate bracket screws. The Vehicle was in the TESLA repair facility for one day and had 49,264 miles on the odometer when presented for this repair attempt.

27. On September 29, 2021, Plaintiffs had the Vehicle towed to Defendant TESLA's repair facility in Vallejo, California. Plaintiffs reported that the Vehicle would not start. The technicians verified this concern, removed and replaced the HV battery and 12v battery, and updated the firmware. Plaintiff also reported that vibration and noise continued to come from the front of the Vehicle upon acceleration. The technicians failed to duplicate this concern and attempted no repairs. The Vehicle was in the TESLA repair facility for sixty-five days and had 52,949 miles on the odometer when presented for this repair attempt.

28. Plaintiffs made an appointment to bring the Vehicle to Defendant TESLA's authorized repair facility on December 31, 2021. Plaintiffs reported that the Vehicle's screen went black without warning. On December 28, 2021, before Plaintiffs could present the Vehicle to Defendant TESLA, Plaintiffs received a text message from Defendant TESLA's remote diagnostic team, which alerted Plaintiffs that Defendant TESLA had remotely cleared the Vehicle's Home Folder cache in response to Plaintiffs' repair request, intending to improve the touchscreen performance. After performing this remote repair work, Defendant TESLA canceled the upcoming repair appointment.

29. As of the filing of this Complaint, the Vehicle continues to suffer from its defects. Plaintiffs have an appointment to bring in their Vehicle on February 22, 2022, for further repair for the screen going black again on January 24, 2022, and for the TESLA technicians to perform the outstanding recall on the Vehicle's secondary latch and striker.

30. To the extent this is relevant for Plaintiffs' repair history, Plaintiffs have continued to present the Vehicle to Defendant TESLA's authorized repair facilities after the warranty period to correct defects that TESLA and its authorized repair facility failed to repair at repair opportunities provided during the warranty period.

31. TESLA was given a reasonable number of opportunities to repair the Vehicle to conform it to warranty but failed to do so. According to the repair records and information available as of the date this Complaint is filed, the Vehicle has been out of service for approximately one hundred and six (106) days during Plaintiffs' ownership. Plaintiffs have given TESLA and its authorized repair facilities at least two opportunities to repair the Vehicle.

32. Nothing in this summary of Plaintiffs' experiences shall be construed to limit discovery or the inclusion of further complaints or repair presentations not listed above.

### FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Consumer Warranty Act – Breach of Express Warranty**

33. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

34. Defendant TESLA expressly warranted that the Vehicle would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period and to the extent the Vehicle had defects, Defendant TESLA would repair the defects.

35. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities under the warranty and developed other serious defects and nonconformities under the warranty, including but not limited to defects with the interior, motor, charging system, electrical system, touchscreen, door handles, and batteries.

36. Pursuant to the Act, Civil Code sections 1790 *et seq.* the Vehicle is subject to the Act and was used for purposes covered by the Act.

37. Plaintiffs are each a "buyer" under the Act.

38. Defendant TESLA is a "manufacturer", "distributor", and "retail seller" under the Act.

39. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Vehicle.

40. Plaintiffs delivered the Vehicle to the repair facilities of Defendant TESLA for repair of the nonconformities.

41. Defendant TESLA, through its repair facilities, was unable to conform the Vehicle to the applicable express warranties after a reasonable number of repair attempts.

42. Notwithstanding Plaintiffs' entitlement, Defendant TESLA has failed to either promptly replace or repurchase the Vehicle in accordance with the Act.

43. By failure of Defendant TESLA to remedy the defects as alleged above, or to repurchase or replace the Vehicle, Defendant TESLA has breached its obligations under the Act.

44. Under the Act, Plaintiffs are entitled to damages pursuant to Civil Code sections 1793.2 and 1794, *et seq*.

45. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq*. and Commercial Code sections 2714 and 2715, *et seq*.

46. Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

47. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for TESLA's willful failure to comply with its responsibilities under the Act.

48. Plaintiffs are entitled to prejudgment interest pursuant to Civil Code section 3287.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Consumer Warranty Act – Breach of Implied Warranty**

49. Plaintiffs incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

50. Defendant TESLA is a "manufacturer", "distributor", and/or "retail seller" of the Vehicle.

51. Defendant TESLA impliedly warranted that the Vehicle was merchantable pursuant to Civil Code section 1792.

52. The Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with defects with the interior, motor, charging system, electrical system, touchscreen, door handles, and batteries.

53. The Vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with defects with the interior, motor, charging system, electrical system, touchscreen, door handles, and batteries.

54. Plaintiffs were harmed, and Defendant TESLA's breach of the implied warranty was a substantial factor in causing Plaintiffs' harm.

55. Plaintiffs are entitled to justifiably revoke acceptance of the Vehicle under Civil Code, section 1794, *et seq*.

56. Plaintiffs hereby revoke acceptance of the Vehicle.

57. Under the Act, Plaintiffs are entitled to damages pursuant to Civil Code sections 1793.2 and 1794, *et seq*.

58. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq*. and Commercial Code, sections 2714 and 2715, *et seq.*

59. Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

60. Plaintiffs are entitled to prejudgment interest pursuant to Civil Code section 3287.

### THIRD CAUSE OF ACTION

**Violation of the Song-Beverly Act – Section 1793.2**

61. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

62. Pursuant to the Act, Civil Code section 1793.2, subdivision (a), a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

63. Pursuant to the Act, Civil Code section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

64. Pursuant to the Act, Civil Code section 1793.2, subdivision (b), goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

65. Plaintiffs delivered the Vehicle to TESLA and its authorized repair facilities for repair of the nonconformities.

66. Defendant TESLA, through its authorized repair facilities, was unable to conform the Vehicle to the applicable express warranties within 30 days.

67. Notwithstanding Plaintiffs' entitlement, Defendant TESLA has failed to either promptly replace or repurchase the Vehicle in accordance with the Act.

68. By failure of Defendant TESLA to remedy the defects as alleged above, or to repurchase or replace the Vehicle, Defendant TESLA is in breach of its obligations under the Act.

69. Under the Act, Plaintiffs are entitled to damages pursuant to Civil Code section 1794, *et seq*.

70. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794 *et seq*. and Commercial Code, sections 2714 and 2715, *et seq*.

71. Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

72. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for TESLA's willful failure to comply with its responsibilities under the Act.

73. Plaintiffs are entitled to prejudgment interest pursuant to Civil Code section 3287.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant TESLA, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual, incidental, and consequential damages;

1     6.    For prejudgment interest at the legal rate of 10% per annum;

2     7.    For actual attorney's fees and costs of suit; and

3     8.    For such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 21, 2022        **WIRTZ LAW APC**

By:  */s/ Richard M. Wirtz*
    Richard M. Wirtz
    Amy R. Rotman
    Attorneys for Plaintiffs,
    DELBERT A. VANDERPAN and
    CYNTHIA M. VANDERPAN